Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
Megan E. Glor, Attorneys at Law, P.C.
707 NE Knott Street, Suite 101
Portland, OR  97212
Telephone: (503) 223-7400
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| E.L, BY AND THROUGH E.L.'s PARENT AND NEXT FRIEND, L.L., <br><br> Plaintiff, <br><br> v. <br><br> AETNA LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 3:24-cv-576 <br><br> COMPLAINT |

## I.     PARTIES

1.

***Plaintiff.***  Plaintiff E.L. is the minor child and dependent of L.L., and resides in Multnomah County, Oregon.  L.L. is an employee of Mercy Corps, a Washington Corporation, and is a participant in the Mercy Corps group medical plan, issued and insured by Aetna (the "Plan").  E.L. is L.L.'s dependent, and a beneficiary of the Plan, as defined by ERISA § 3(8),

29 U.S.C. § 1002(8). From January 5, 2022 through April 3, 2023, E.L. received medically necessary treatment of mental illness at Sandhill Center, LLC ("Sandhill"), a residential treatment center ("RTC") located in New Mexico.

2.

**Defendant.** Defendant Aetna Life Insurance Company ("Aetna") is a health insurer headquartered in Hartford, Connecticut. Aetna answers benefit questions, makes benefits and coverage decisions, pays benefit claims, and processes and decides appeals under the Plan, and, in that capacity, is a fiduciary under the Employee Retirement Income Security Act of 1974 ("ERISA"). Aetna denied coverage of Sandhill's treatment of E.L., and denied E.L.'s appeals of its coverage denial, in violation of the terms of the Plan and ERISA. In addition, despite multiple written requests, Aetna has failed to produce to E.L. documents relevant to its denial decision, despite multiple requests, in violation of 29 C.F.R. § 2560.503-1(h)(2) and its fiduciary duties under ERISA, hampering E.L.'s ability to reasonably pursue this coverage claim by denying E.L. material information regarding Aetna's denial decisions and reviews.

## II.     JURISDICTION AND VENUE

3.

Jurisdiction of this Court arises pursuant to ERISA, 29 U.S.C. § 1001, 29 U.S.C. § 1132(a)(1)(B), (3) and (e)(1).

4.

Venue is proper under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 1132(e)(2) because, *inter alia*, the plan is administered in this district, Aetna's breach took place in this district, and/or Aetna may be found in this district.

### III. NATURE OF THE CASE

5.

This is an ERISA-governed case regarding Aetna's denial of coverage of medically necessary residential mental health under the Plan.

6.

Aetna erroneously denied coverage of E.L.'s medically necessary residential mental health treatment at Sandhill based upon its assertion that Sandhill was not credentialed by Aetna, or properly accredited by one of several agencies recognized by Aetna. E.L. appealed pursuant to ERISA, establishing that Sandhill was the most appropriate choice of provider given the urgency of medically necessary treatment, E.L.'s age upon admission, the appropriateness of treatment modalities, and Aetna's failure to provide any alternative in-network treatment option. Aetna denied E.L.'s ERISA appeals, and affirmed its denial decision. Aetna never identified any in-network mental health treatment program that could meet E.L.'s treatment needs and that met the Plan's licensure requirements.

7.

Aetna's denial decision was erroneous, arbitrary and capricious. Its denial of coverage of E.L.'s medically necessary mental health treatment at Sandhill should be overturned and Aetna ordered to approve and cover the treatment under ERISA.

8.

Through letters and follow up telephone calls, through counsel, E.L. requested that Aetna produce all documents relevant to its denial decision, but Aetna has failed to do so, denying access to material information regarding Aetna's reviews and denial decision. Accordingly, E.L.

asks the Court to enter a declaration that by failing to produce complete, responsive documents, Aetna has violated 29 C.F.R. § 2560.503-1(h)(2), and breached its fiduciary duties under ERISA.

## IV.   FACTUAL ALLEGATIONS

9.

As a beneficiary under the Plan, E.L. is entitled to the health benefits set forth in the Plan.

10.

The Plan provides coverage of medically necessary treatment for mental illness, including residential treatment in accordance with the Plan.

11.

The Plan is subject to Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 ("Parity Act") because it provides coverage for mental health services. Under the Parity Act, Aetna is prohibited from imposing treatment limitations to mental health benefits that are more restrictive than the "predominant treatment limitations applied to substantially all medical and surgical benefits." 29 U.S.C. § 1185a(a)(3)(A)(ii).

12.

Because of severe mental health problems, and after and because outpatient psychological and psychiatric treatment failed to provide adequate relief of E.L.'s mental health symptoms, on or about January 5, 2022, E.L. was admitted to Sandhill, a residential treatment facility licensed by the state of New Mexico to provide intermediate behavioral health services to children in accordance with New Mexico laws.

13.

Sandhill, on E.L.'s behalf, submitted to Aetna a request for coverage of Sandhill's

treatment of E.L. under the Plan.  By letter dated January 7, 2022, Aetna, on behalf of the Plan, denied coverage, asserting as the basis for its denial decision, "This facility must be credentialed by Aetna or is accredited by one of the following agencies, commissions or committees for the services being provided: - The Joint Commission (TJC)- The Committee on Accreditation of Rehabilitation Facilities (CARF) - The American Osteopathic Association's Healthcare Facilities Accreditation Program (HFAP) - The Council on Accreditation (COA).  Therefore the requested residential mental health treatment is not covered under the plan."

14.

On or about March 1, 2022, E.L., through their parents, submitted to Aetna an appeal of its denial decision under ERISA.  The appeal asserted that when E.L.'s parents "first consulted Aetna's online provider directory, there were no in-network Residential Treatment Facilities for children ages 0-13 yrs." and explained, "When we admitted [E.L.] to Sandhill Center on 1/5/2022, we could no longer wait months, or even weeks, to begin treatment. The facilities we contacted were either not accepting new patients or had long waitlists. And we still were unable to identify a single facility in Aetna's network that would not group Emilia with older children."  The appeal also explained:

> Sandhill Center is one of the only residential programs for children in the US that employs the Neurosequential Model of Therapeutics, which has been proven to have excellent outcomes with children like [E.L.]. All three of Emilia's mental healthcare providers believe that Sandhill Center is the best place for [E.L.] right now and that a lower level of care, or a facility not focused on [E.L.'s] specific needs and age range, will very likely be ineffective to treat [E.L.'s] mental illness.
>
> [E.L.'s] medical claim history demonstrates the depth of [E.L.'s] struggles. [E.L.'s] mental health providers believe that neither Intensive Outpatient Programs (IOP) nor Partial Hospitalization Programs (PHP) will effectively treat [E.L.'s] mental illness. Residential facilities that cap their services at 45 days are also inadequate.

The appeal also explained:

> Since receiving Aetna's denial, we have been actively looking for other in-network alternatives for [E.L.'s] treatment. We are currently working with an Aetna Behavioral Health Case Manager. At this time, we have yet to identify an in-network provider that would accept [E.L.] in the near-term and meet the requirements for [E.L.'s] treatment.
>
> Had Aetna been able to provide appropriate in-network providers in December, we would have certainly selected one of those providers first.
>
> In conclusion, [E.L.] needed immediate care and Aetna did not have any adequate in-network options. Sandhill was the only facility that: 1) specializes in treating children [E.L.'s] age, 2) was recommended by [E.L.'s] providers, and 3) was able to take [E.L.'s] quickly. Our assigned Aetna Case Manager is still working to identify an appropriate in network program. In the interim, Aetna should allow coverage and process all claims for Sandhill.

15.

Aetna denied E.L.'s March 1, 2022 appeal by letter dated March 17, 2022, asserting:

> We understand that you are appealing the denial of authorization for the inpatient residential treatment at Sandhill Center, LLC. You state that the provider is currently pursuing accreditation and is the only facility with a treatment program that meets your daughter's needs. You indicate that at the time of admission, the ability to find an in-network facility without a long waitlist was not an option.

Aetna did not refute E.L.'s assertion that Aetna had failed to identify an appropriate in-network facility that could provide medically-necessary, appropriate treatment to E.L, or propose or provide the name of, a single mental health treatment program that could have met E.L.'s treatment needs. Aetna concluded in its March 17th letter, "This denial of coverage is based solely upon the reasons set forth above. No other basis for exclusion (e.g., medical necessity of the service or supply) that may be applicable to the circumstances were considered."

/ /

16.

By letter dated October 13, 2022, E.L., through their parents, submitted a second appeal of Aetna's denial decision. The second appeal asserted E.L.'s right to "(i) The specific reason or reasons for the adverse determination; (ii) Reference to the specific plan provisions on which the determination is based; (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such information is necessary." The second appeal requested that Aetna provide a clear response that "specifically states the reasons for the determination, references the plan language on which your decision is based, and explains what other information I could provide to you in order to perfect [E.L.'s] claim" and requested " a physical copy of any and all documentation related to both the initial determination and the level two appeal determination including the reviewer's name, credentials, experience, and case notes or report." The second appeal also raised concern that Aetna was "imposing two different impermissible NQTLs [Non-Quantitative Treatment Limitations] involving facility type, provider specialty, or 'other criteria' that limit the scope or duration of benefits in violation of the Mental Health Parity and Addiction Equity Act of 2008 (MHPAEA)."

17.

By letter dated November 17, 2023, Aetna denied E.L.'s second appeal and affirmed its prior denial decision, asserting that Sandhill did not meet Aetna's out-of-network criteria for RTCs, and asserted, "The appeal process within Aetna has been completed." Again, Aetna did not refute E.L.'s assertion that Aetna had failed to identify an appropriate in-network facility that could provide medically-necessary, appropriate treatment to E.L, or propose, or provide the name of, a single mental health treatment program that could have met E.L.'s treatment needs.

18.

E.L. has completed all steps required prior to the filing of this Complaint under the Plan and ERISA.

## V. CLAIMS

### FIRST CLAIM -- FOR BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)

19.

E.L. realleges all paragraphs above.

20.

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides that a participant or beneficiary may bring an action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

21.

By denying E.L.'s claim and benefits under the Plan, Aetna has violated ERISA § 502(a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B).

22.

E.L. is entitled to recover benefits due to them as the result of Aetna's improper denial of coverage of Sandhill's medically necessary mental health treatment of E.L. from January 5, 2022 through April 3, 2023, in accordance with their rights and benefits under the terms of the Plan.

/ /

/ /

/ /

## SECOND CLAIM -- FOR BENEFITS AND ENFORCEMENT
## OF RIGHTS UNDER ERISA § 502(A)(3), 29 U.S.C. § 1132(A)(3)

23.

E.L. realleges all paragraphs above.

24.

ERISA § 502(a) and (a)(3), 29 U.S.C. § 1132 (a), (a)(3), provide that a participant or beneficiary may bring a civil action to "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan," "to redress violations of [ERISA],"  or to "enforce any provisions of [ERISA] or terms of the plan."

25.

In denying E.L.'s coverage claim for Sandhill's treatment, Aetna imposed two different impermissible NQTLs involving facility type, provider specialty, or "other criteria" that limited the scope or duration of benefits, in violation of the MHPAEA and the Affordable Care Act and its regulations. In so doing, Aetna systemically and uniformly failed to properly administer the Plan and breached its fiduciary duties to E.L., who has not received Plan benefits to which they are entitled.

26.

To the extent full relief is not available to E.L. under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), E.L. seeks to enjoin Aenta from denying coverage of Sandhill's medically necessary mental health treatment, and seeks all equitable remedies, including, without limitation, injunctive relief and surcharge, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132 (a)(3).

27.

By letter dated October 19, 2023, and in letters in followup dated November 27, 2023, January 8, 2024, January 29, 2024, February 15, 2024, and in numerous telephone calls in followup, E.L., through counsel, requested that Aetna provide all documents relevant to its denial decision in accordance with 29 C.F.R. § 2560.503-1(h)(2) and 29 C.F.R. § 2560.503-1(m)(8). Aetna has failed to provide complete, responsive documents, in violation of 29 C.F.R. § 2560.503-1(h)(2), and in breach of its fiduciary duties under ERISA.

28.

Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132 (a)(3), E.L. asks that the Court enter a declaration that by failing to produce the responsive documents, Aetna violated 29 C.F.R. § 2560.503-1(h)(2) and its fiduciary duties under ERISA. To the extent full relief is not available to E.L. under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132 (a)(3), E.L. seeks all equitable remedies, including, without limitation, injunctive relief and surcharge as relief for Aetna's violations.

### THIRD CLAIM – FOR ATTORNEYS' FEES AND COSTS
### UNDER ERISA § 502(G)(1), 29 U.S.C. § 1132(G)(1)

29.

E.L. realleges all paragraphs above.

30.

E.L. is entitled to an award of attorney fees and costs under ERISA § 302(g)(1), 29 U.S.C. § 1132(g)(1).

/ /

## VI. REQUEST FOR RELIEF

WHEREFORE, E.L. requests that the Court:

1. Enter judgment in favor of E.L., establishing E.L.'s right to coverage of Sandhill's medically necessary residential mental health treatment of E.L. under the terms of the Plan, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

2. Enter judgment in favor of E.L. for damages in an amount to be proven at trial, due to Aetna's failure to provide E.L. benefits due under the Plan, pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

3. Enter judgment in favor of E.L., declaring, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), that by failing to produce all relevant documents in response to E.L.'s repeated requests, Aetna violated 29 C.F.R. § 2560.503-1(h)(2) and its fiduciary duties under ERISA.

4. Enter judgment in favor of E.L., enjoining Aetna from denying coverage of Sandhill's medically necessary treatment of E.L., and ordering Aetna to reimburse E.L. the full cost of Sandhill's treatment of E.L., through equitable remedies, including, but not limited to, injunctive relief and surcharge, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

5. Enter judgment in favor of E.L., ordering Aetna to pay E.L.'s attorneys' fees and costs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

//
//
//
//

6. Enter judgment in favor of E.L., awarding E.L. such other relief as is just and proper.

Dated: April 5, 2024.

                        **MEGAN E. GLOR ATTORNEYS AT LAW, P.C.**

By:   s/ Megan E. Glor
        Megan E. Glor, OSB No. 930178
        megan@meganglor.com

        Attorney for Plaintiff E.L.